IN THE NINTH COUNTY COURT OF THE TENTH JUDICIAL DISTRICT
IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 08-CC-4600-00



JOSE MARIO GIRALDO GOMEZ
and JOSE ORLANDO VELAZQUEZ

    Plaintiff,

vs.

OSVALDO CARMENATE, and
LA ISLA SUPERMARKET, INC.

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, JOSE MARIO GIRALDO GOMEZ, and and JOSE ORLANDO VELAZQUEZ, by and through undersigned counsel, sues Defendant, OSVALDO CARMENATE, and LA ISLA SUPERMARKET, INC., and alleges:

1. This is an action for damages between $5,000 and $15,000, exclusive of costs, attorney fees and pre-judgment interest.

2. At all times material hereto, Plaintiff was and is a resident of the State of Florida.

3. At all times material hereto, Defendant LA ISLA SUPERMARKET, INC., was and is a corporation duly licensed to conduct business in the county in which this action is filed. Defendant, OSVALDO CARMENATE is, and at all times mentioned was, doing business as the owner of LA ISLA SUPERMAKET, INC.

4. At all times material hereto, Defendant LA ISLA SUPERMARKET, INC., conducted business in the county in which this action is filed.

Page 1 of 7

EXHIBIT 3

5. Plaintiffs rendered services to Defendant as employees in the county in which this action is filed.

6. At all times material hereto, Defendants were required to abide by all state and federal laws, rules and regulations governing employees.

7. Defendants have not paid Plaintiff for the hours and amounts owed for services as an employee, despite Plaintiff's repeated requests that Defendants do so.

8. Defendants have not paid Plaintiff for overtime as an employee, despite Plaintiff's repeated requests that Defendant do so.

9. All conditions precedent to the bringing of this action have occurred or have been waived.

## COUNT I
## CLAIM OF JOSE MARIO GIRALDO GOMEZ FOR UNPAID WAGES PURSUANT TO FLORIDA STATUTES § 448.01, et seq.

10. Plaintiff JOSE MARIO GIRALDO GOMEZ realleges and incorporates by reference herein the allegations presented in paragraphs 1 through 9.

11. This is an action for unpaid wages as such is defined in Florida Statutes § 448.01, et seq.

12. Defendants have not paid Plaintiff for overtime as an employee, despite Plaintiff's repeated requests that Defendant do so.

13. Defendants' failures have directly and proximately caused Plaintiff to retain the undersigned law firm to secure Plaintiff's rights and benefits. Plaintiff has agreed to pay and the attorneys of the undersigned law firm have agreed to accept as payment any Court awarded fee,

including any multiplier. Plaintiff claims entitlement to attorneys fees pursuant to Florida Statutes section 448.08, and all applicable law. Plaintiff would derive a direct benefit from this Court's judgment ordering Defendant to pay interest and attorney's fees, including any multiplier, even if Defendant pays all or some of the disputed benefits before judgment is entered after suit is filed.

WHEREFORE, Plaintiff demands judgment for damages,, together with pre-judgment and post-judgment interest, legal assistant fees, costs, and attorney's fees pursuant to all applicable law, along with trial by jury of all issues so triable as of right.

## COUNT II
## CLAIM OF JOSE MARIO GIRALDO GOMEZ FOR DAMAGES PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C.A. § 207, et seq.

14. Plaintiff JOSE MARIO GIRALDO GOMEZ realleges and incorporates by reference herein the allegations presented in paragraphs 1 through 9.

15. This is an action for violation of the Fair Labor Standards Act as such is defined in 29 U.S.C.A. § 207, et seq., and plaintiff seeks damages for unpaid wages and overtime as in pursuant to such act.

16. Defendant has not paid Plaintiff wages and overtime as an employee.

17. Plaintiff's consent to pursue a claim under the act is attached to this complaint in accordance with 29 U.S.C.A. § 216(b).

18. Defendant's failures have directly and proximately caused Plaintiff to retain the undersigned law firm to secure Plaintiff's rights and benefits. Plaintiff has agreed to pay and the attorneys of the undersigned law firm have agreed to accept as payment any Court awarded fee, including any multiplier. Plaintiff claims entitlement to attorneys fees pursuant to 29 U.S.C.A. § 216(b), and all applicable law. Plaintiff would derive a direct benefit from this Court's judgment

ordering Defendant to pay interest and attorney's fees, including any multiplier, even if Defendant pays all or some of the disputed benefits before judgment is entered after suit is filed.

WHEREFORE, Plaintiff demands judgment for damages,, together with pre-judgment and post-judgment interest, legal assistant fees, costs, and attorney's fees pursuant to all applicable law, along with trial by jury of all issues so triable as of right.

## COUNT III
## CLAIM OF JOSE ORLANDO VELAZQUEZ FOR UNPAID WAGES PURSUANT TO FLORIDA STATUTES § 448.01, et seq.

19. Plaintiff JOSE MARIO GIRALDO GOMEZ realleges and incorporates by reference herein the allegations presented in paragraphs 1 through 9.

20. This is an action for unpaid wages as such is defined in Florida Statutes § 448.01, et seq.

21. Defendants have not paid Plaintiff for overtime as an employee, despite Plaintiff's repeated requests that Defendant do so.

22. Defendants' failures have directly and proximately caused Plaintiff to retain the undersigned law firm to secure Plaintiff's rights and benefits. Plaintiff has agreed to pay and the attorneys of the undersigned law firm have agreed to accept as payment any Court awarded fee, including any multiplier. Plaintiff claims entitlement to attorneys fees pursuant to Florida Statutes section 448.08, and all applicable law. Plaintiff would derive a direct benefit from this Court's judgment ordering Defendant to pay interest and attorney's fees, including any multiplier, even if Defendant pays all or some of the disputed benefits before judgment is entered after suit is filed.

WHEREFORE, Plaintiff demands judgment for damages,, together with pre-judgment and

post-judgment interest, legal assistant fees, costs, and attorney's fees pursuant to all applicable law, along with trial by jury of all issues so triable as of right.

## COUNT IV
## CLAIM OF JOSE ORLANDO VELAZQUEZ FOR DAMAGES PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C.A. § 207, et seq.

23. Plaintiff JOSE MARIO GIRALDO GOMEZ realleges and incorporates by reference herein the allegations presented in paragraphs 1 through 9.

24. This is an action for violation of the Fair Labor Standards Act as such is defined in 29 U.S.C.A. § 207, et seq., and plaintiff seeks damages for unpaid wages and overtime as in pursuant to such act.

25. Defendant has not paid Plaintiff wages and overtime as an employee.

26. Plaintiff's consent to pursue a claim under the act is attached to this complaint in accordance with 29 U.S.C.A. § 216(b).

27. Defendant's failures have directly and proximately caused Plaintiff to retain the undersigned law firm to secure Plaintiff's rights and benefits. Plaintiff has agreed to pay and the attorneys of the undersigned law firm have agreed to accept as payment any Court awarded fee, including any multiplier. Plaintiff claims entitlement to attorneys fees pursuant to 29 U.S.C.A. § 216(b), and all applicable law. Plaintiff would derive a direct benefit from this Court's judgment ordering Defendant to pay interest and attorney's fees, including any multiplier, even if Defendant pays all or some of the disputed benefits before judgment is entered after suit is filed.

WHEREFORE, Plaintiff demands judgment for damages,, together with pre-judgment and post-judgment interest, legal assistant fees, costs, and attorney's fees pursuant to all applicable law, along with trial by jury of all issues so triable as of right.

## COUNT V
## CLAIM OF JOSE ORLANDO VELAZQUEZ AGAINST OSVALDO CARMENATE, and LA ISLA SUPERMARKET, INC. FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP

28. Plaintiff JOSE ORLANDO VELAZQUEZ realleges and incorporates by reference herein the allegations presented in paragraphs 1 through 9.

29. This is an action for tortious interference with prospective business relationship for an amount that exceed the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, attorney fees and interest.

30. Plaintiff was fired by Defendants on September 12, 2007.

31. Plaintiff attempted to obtain work as a butcher.

32. Unbeknownst to Plaintiff, Defendant CARMENTE would contact the prospective employers and would persuade them not to hire Plaintiff.

33. Prospective employers would offer to hire Plaintiff and withdraw their offer after receiving misleading and damaging information from Defendant CARMENTE.

34. Plaintiff suffered the loss of opportunity, loss of employment, loss of income, and loss of advantageous business relationship.

35. A party seeking redress pursuant to a claim for tortious interference with a business relationship must show a) the existence of a business relationship, not necessarily evidenced by an enforceable contract, b) knowledge of the relationship on the part of the defendant, c) an intentional and unjustified interference with the relationship, and d) damage to the plaintiff as a result of the tortious interference with the relationship.

36. Plaintiff had prospective business relationship evidenced by an actual and

identifiable understanding or agreement which in all probability would have been completed if the Defendants had not interfered.

37.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including loss of earnings and loss of ability to earn money. The losses suffered by Plaintiff are continuing in nature and Plaintiff will suffer these losses indefinitely into the future.

WHEREFORE, Plaintiff demands judgment for damages,, together with pre-judgment and post-judgment interest, legal assistant fees, costs, and attorney's fees pursuant to all applicable law, along with trial by jury of all issues so triable as of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and regular U.S. Mail to Robert C. Chilton Esq., P.O. Box 9498, Winter Haven, FL 33883, this 6th day of August 2008.

_____
José F. García, Esq.
Florida Bar No.: 0510211
*Udowychenko & Garcia, P.A.*
SunTrust Plaza - Suite 203
3367 West Vine Street
Kissimmee, Florida 34741
(407) 847-7775
(407) 847-7396 Facsimile
Facsimile No.: (407) 847-7396

# LAW FIRM OF
# UDOWYCHENKO & GARCIA, P.A.

SunTrust Plaza – Suite 203
3367 West Vine Street, Kissimmee, Florida 34741
(407) 847-7775
(407) 847-7396 Facsimile

### CONSENT TO PURSUE CLAIM UNDER FAIR LABOR STANDARDS ACT PURSUANT TO 29 U.S.C.A. § 216 (b)

In accordance with the requirements of the Fair Labor Standards Act, 29 U.S.C.A. §216 (b), I HEREBY CONSENT to becoming a Party Plaintiff represented by the Law Firm of Udowychenko & Garcia, P.A., for the pursue of pursuing a claim for damages for violations of said act.

_Jose Marco Giraldo G._  _Jose Marco Giraldo Gomez_  _August 4, 2008_
Client Signature                Client Name                Date

*Protecting Florida Families. Protecting You.*
www.ProtectingFloridaFamilies.com

# LAW FIRM OF
# UDOWYCHENKO & GARCIA, P.A.

SunTrust Plaza – Suite 203
3367 West Vine Street, Kissimmee, Florida 34741
(407) 847-7775
(407) 847-7396 Facsimile

### CONSENT TO PURSUE CLAIM UNDER FAIR LABOR STANDARDS ACT PURSUANT TO 29 U.S.C.A. § 216 (b)

In accordance with the requirements of the Fair Labor Standards Act, 29 U.S.C.A. §216 (b), I HEREBY CONSENT to becoming a Party Plaintiff represented by the Law Firm of Udowychenko & Garcia, P.A., for the pursue of pursuing a claim for damages for violations of said act.

_____    Jose Orlando Velazquez    August 4, 2008
Client Signature                         Client Name                              Date

*Protecting Florida Families. Protecting You.*
www.ProtectingFloridaFamilies.com