UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE MARIO GIRALDO GOMEZ,
et al.,

      Plaintiffs

v.                       CASE NO. 8:08-CV-1683-T-17AEP

OSVALDO CARMENATE, et
al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 19 Motion for Partial Summary Judgment
Dkt. 21 Declaration
Dkt. 22 Statement of Undisputed Facts
Dkt. 23 Deposition - Velasquez
Dkt. 24 Deposition - Gomez
Dkt. 25 Deposition - Carmenate
Dkt. 26 Motion for Partial Summary Judgment (FLSA)
Dkt. 29 Response

The Amended Complaint (Dkt. 2) in this case includes the following claims:

Count I  - Jose Mario Giraldo Gomez - Unpaid Wages Pursuant to Ch. 448.01, Fla. Stat.

Count II - Jose Mario Giraldo Gomez - Damages Pursuant to FLSA, 29 U.S.C. Sec. 207

Count III - Jose Orlando Velazquez - Unpaid Wages Pursuant Ch. 448.01, Fla Stat.

Count IV - Jose Orlando Velazquez - Damages Pursuant to FLSA, 29 U.S.C. Sec. 207

Case No. 8:08-CV-1683-T-17AEP

Count V - Jose Orlando Velazquez  -  Tortious Interference
With Prospective
Business Relationship

Plaintiffs have withdrawn Counts I and III.  (Dkt. 24, p. 4;
Dkt. 26, p. 2).

As to Plaintiffs' FLSA claims, Plaintiffs seek damages, pre-
judgment and post-judgment interest, legal assistant fees, costs
and attorney's fees.  As to Count V, Plaintiff Velasquez seeks
damages, pre-judgment and post-judgment interest, legal assistant
fees, costs, and attorney's fees.

Defendants Osvaldo Carmenate and La Isla Supermarket, Inc.
request the entry of partial summary judgment as to Count II and
Count IV, the claims for damages under the Fair Labor Standards
Act.  Defendants argue that Plaintiffs cannot establish
jurisdiction under the Fair Labor Standards Act because Defendant
La Isla Supermarket, Inc. does not employ anyone engaged in
interstate commerce or in the production of goods for interstate
commerce, and Plaintiffs were not so employed themselves.

Plaintiffs have filed a Cross-Motion for Partial Summary
Judgment, in which Plaintiffs week entry of summary judgment as
to Defendants' willful violation of the Fair Labor Standards Act
on the issue of record-keeping.

I.  Standard of Review

Summary judgment should be rendered if the pleadings, the
discovery and disclosure materials on file, and any affidavits

2

Case No. 8:08-CV-1683-T-17AEP

show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law.
Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the
> entry of summary judgment after adequate time
> for discovery and upon motion, against a
> party who fails to make a showing sufficient
> to establish the existence of an element
> essential to that party's case, and on which
> that party will bear the burden of proof at
> trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination
of which facts are material and which facts are...irrelevant.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All
reasonable doubts about the facts and all justifiable inferences
are resolved in favor of the non-movant. See Fitzpatrick v. City
of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is
genuine "if the evidence is such that a reasonable jury could
return a verdict for the non-moving party." See Anderson, 477
U.S. at 248. But, "[i]f the evidence is merely colorable...or is
not significantly probative...summary judgment may be granted."
Id. at 249-50.

II.  Statement of Facts

1.  Defendant La Isla Supermarket, Inc. is a grocery store
located at 9722 U.S. Highway 92, Clermont, Florida.

2.  Defendant Osvaldo Carmenate individually owns and
operates La Isla Supermarket, Inc. Defendant Carmenate is the

3

Case No. 8:08-CV-1683-T-17AEP

President of La Isla Supermarket, Inc.   (Carmenate Declaration,
Dkt. 21).

     3.   Defendant La Isla Supermarket, Inc. employs 16 to 18
employees.

     4.   Defendant La Isla Supermarket, Inc. earned in excess of
$500,000 for the periods of time associated with the Amended
Complaint.  (Carmenate Declaration, Dkt. 21, p. 4).

     5.   Plaintiff Jose Orlando Velasquez was employed by La Isla
Supermarket, Inc. from November, 2006 until August, 2007 as the
manager of the meat department and as a butcher.  Plaintiff's
work activities included ordering products, and cutting,
packaging and preparing meat orders.   Plaintiff Velasquez
testified that he worked sixty or more hours a week.  (Velasquez
Deposition, Dkt. 23, p. 6; Affidavit, Dkt. 26, p. 11; Carmenate
Declaration, Dkt. 21, pp. 2-3).

     6.   Plaintiff Jose Mario Giraldo Gomez was employed by La
Isla Supermarket, Inc. from December, 2006 until August, 2007 as
a meat cutter and butcher's helper.   His work included work as a
meat-wrapper.  Defendant Gomez testified that he worked sixty
hours a week.  (Carmenate Deposition, Dkt. 25, p. 11; Carmenate
Declaration, Dkt. 21, pp. 2-3; Gomez Deposition, Dkt. 24, p. 7).

     7.   According to Defendant Carmenate, Defendant La Isla
Supermarket, Inc. is a local company, and only provides grocery-
related services in the City of Clermont within the State of
Florida.  Defendant Carmenate denies that Defendant ever sought
to expand the business outside the State of Florida.  Defendant

4

Case No. 8:08-CV-1683-T-17AEP

Carmenate states that La Isla Supermarket, Inc. only solicited customers in the Central Florida area, only conducts business within the State of Florida, and does not provide any services outside the State of Florida, nor seek to provide such services.

8. According to Defendant Carmenate, all of the various meat, goods and supplies that Plaintiffs used were ordered and purchased by Defendant La Isla Supermarket, Inc. from already existing inventory through local area wholesalers who are located within the State of Florida. Defendant Carmenate denies that Plaintiffs ordered or purchased goods or supplies for La Isla Supermarket, Inc. from another state.

9. Defendant Carmenate testified that La Isla Supermarket Inc. purchased grocery products and meat products from local distributors, including: 1) Colorado Boxed Beef Company, Auburndale, FL; 2) Quirch Foods, Orlando, FL; 3) Harvest Meat Company, Orlando, FL; 4) Goya Foods, Orlando, FL; 5) Iberia Foods Corporation, Orlando, FL; and Associated Groceries, Pompano Beach, FL. (Carmenate Declaration, Dkt. 21, p. 3).

10. Defendant Carmenate testified that alcohol-related products were ordered and obtained from local distributors, as were any soft drink products. Defendant denies that La Isla Supermarket, Inc. ordered any specific grocery-related item or meat product from outside the State of Florida. All products or items ordered by Defendants were from existing inventory of local distributors.

11. Defendant Carmenate testified that Plaintiff Velazquez' tasks as the meat department manager and butcher included

5

Case No. 8:08-CV-1683-T-17AEP

overseeing the meat department, assisting Defendant Carmenate in the ordering of meat products and related meat department items from the distribution sources stated above.   (Carmenate Declaration, Dkt. 21).

12.   Defendant Carmenate testified that Plaintiff Gomez' tasks as a meat cutter and butcher's helper did not include ordering any meat product or any meat department related supplies.

13.   Defendant Carmenate testified that all of the work performed by Plaintiffs was done at La Isla Supermarket, Inc. in Clermont, Florida, and did not involve use of the telephone, telegraph, mail or travel.

14.   Defendants did not report or pay federal income taxes, FICA taxes, or keep any documentation concerning applications, new hire forms, W-4's, UCT-6 forms, or any other document concerning Plaintiffs' employment.   (Velasquez Affidavit, Dkt. 26, p. 13; Carmenate Deposition, Dkt. 25, pp. 10-16).

III.   Discussion

Defendants challenge the existence of subject matter jurisdiction as to Plaintiffs' FLSA claims.

Section 207(a) of the Fair Labor Standards Act provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for

6

Case No. 8:08-CV-1683-T-17AEP

> a workweek longer than forty hours unless
> such employee receives compensation for his
> employment in excess of the hours above
> specified at a rate not less than one and one
> -half times the regular rate at which he is
> employed.

The FLSA overtime provisions apply: 1) where an employee is
engaged in commerce or the production of goods for commerce
(individual coverage); or 2) where an employee works for an
enterprise engaged in commerce or in the production of goods for
commerce (enterprise coverage).   Thorne v. All Restoration Servs,
Inc., 448 F.3d 1264, 1265-66 (11th Cir. 2006)(employer required
to pay overtime compensation if the employee can establish
enterprise coverage or individual coverage).

      The burden of proof lies on employees to establish that they
were engaged in interstate commerce, or in the production of
goods, and that such production was for interstate commerce.
Kitchings v. Florida United Methodist Children's Home Inc., 393
F.Supp.2d 1282, 1292 n. 25 (M.D. Fla. 2005).   The burden of proof
on a challenge to subject matter jurisdiction lies with the party
invoking the court's jurisdiction.   Lujan v. Defenders of
Wildlife, 504 U.S. 555, 561 (1992).

A.   Individual Coverage

      An employee is entitled to time-and-a-half overtime pay as
long as he is "engaged in commerce or in the production of goods
for commerce."   Bien-Aime v. Nanak's Landscaping, Inc., 572
F.Supp.2d 1312 (S.D. Fla. 2008).   To determine whether an
employee is "engaged in commerce or in the production of goods

Case No. 8:08-CV-1683-T-17AEP

for commerce," the Court must examine the activities of the employee.

An employee is engaged in commerce if he is engaged in activities that constitute interstate commerce, not merely affect it.  Thorne, 448 F.3d at 1266.  An employee must "directly participat[e] in the actual movement of persons or things in interstate commerce by (a) working for an instrumentality of interstate commerce,... or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g. regular and recurrent use of interstate telephone, telegraph, mails or travel.  Id.  Goods cease to move in interstate commerce once they reach the customer for whom they are intended.  Id. at 1267.  An employee who "purchases goods that previously moved in interstate commerce for intrastate use" or an employee who "engage[s] in any further intrastate movement of the goods [is] not covered under the Act."  Id.

Plaintiffs do not argue that there is individual coverage under the Fair Labor Standards Act.

B.  Enterprise Coverage

An employee is entitled to time-and-a-half overtime pay if he is employed by "an enterprise engaged in commerce," as defined by 29 U.S.C. Sec. 203(s)(1), which is an enterprise that :

> (A)(1) has employees engaged in commerce or
> in the production of goods for commerce, or
> that has employees handling, selling or
> otherwise working on goods or materials that
> have been moved in or produced for commerce

8

Case No. 8:08-CV-1683-T-17AEP

> by any person; and
> (ii)is an enterprise whose annual gross
> volume of sales made or business done is not
> less than $500,000 (exclusive of excise taxes
> at the retail level that are separately
> stated).

29 U.S.C. Sec. 203(s)(1)(A)(ii).

The Code of Federal Regulations provides further clarification:

> An enterprise ... will be considered to have
> employees engaged in commerce or in the
> production of goods for commerce, including
> the handling, selling, or otherwise working
> on goods that have been moved in commerce by
> any person if ... it regularly and
> recurrently has at least two or more
> employees engaged in such activities. On the
> other hand, it is plain that an enterprise
> that has employees engaged in such activities
> only in isolated or sporadic occasions, will
> not meet this condition.

29 C.F.R. § 779.238.

The Court notes that the original scope of the Fair Labor Standards Act was narrow.  The FLSA was later expanded to include enterprise coverage.  The Court has considered the discussion of enterprise coverage in Diaz v. Jaguar Restaurant Group, LLC, 649 F.Supp.2d 1343, 1363 (S.D. Fla. 2009).  Many courts have held that, after the 1974 amendments, virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.  See Dunlop v. Industrial America Corp., 516 F.2d 498, 502-02 (5th Cir. 1975); Exime v. E.W. Ventures, Inc.,. 591 F.Supp.2d 1304 (S.D. Fla. 2008)(collecting cases construing enterprise coverage after 1974 amendment to include all businesses meeting gross sales requirement)..

9

Case No. 8:08-CV-1683-T-17AEP

In this case, Defendants do not dispute that gross sales
were $500,000.  Therefore, the issue is whether, on a recurrent
basis, Defendants had two or more employees who handled, sold or
otherwise worked on goods that have been moved in commerce by any
person.  For the purposes of enterprise coverage, employees are
considered to "handle, sell or otherwise work on" goods that have
been "moved in commerce" where the goods have moved across State
lines at any time during the course of business, whether from
manufacturer to distributor or to the "enterprise," or from one
establishment to another within the "enterprise."  See 29 C.F.R.
Sec. 779.242.

The determination of FLSA coverage is a question of law that
is decided on the facts of each case.  The undisputed evidence
establishes that both Plaintiffs cut and packaged meat and
seafood, "goods that have been moved in commerce," on a regular
basis while employed by Defendants.

After consideration, the Court finds that Plaintiffs have
met their burden to establish FLSA enterprise coverage.  The
Court therefore denies Defendants' Motion for Partial Summary
Judgment as to Count II and Count IV.

C.  Recordkeeping Violations

The Court takes the reference to "La Placita" to be a
typographical error.

The Fair Labor Standards Act requires that employers
maintain records which include identifying information, wages

10

Case No. 8:08-CV-1683-T-17AEP

paid and hours worked by employees. See 29 C.F.R. Sec. 516, et seq.

Defendant Carmenate acknowledged that Defendant could not provide copies of Plaintiffs' applications for employment. When copies of Defendant La Isla's 941 forms for the applicable time period were shown to Defendant Carmenate, Defendant acknowledged that Plaintiffs' names were not present. It is undisputed that Defendants paid Plaintiffs in cash, and did not maintain required records.

An FLSA violation is willful if the employer knows its conduct was prohibited by the FLSA or shows reckless disregard for that knowledge. Alvarez Perez v. Sandford Orlando Kennel Club, 515 F.3d 1150 (11th Cir. 2008). As to the issue of willfulness, an employer must show subjective good faith as well as objectively reasonable grounds for belief of compliance. Jarrett v. ERC Properties, Inc., 211 F.3d 1078 (8th Cir. 2000).

After consideration, the Court grants Plaintiffs' Motion for Partial Summary Judgment in part and denies it in part. The Motion for Partial Summary Judgment is granted as to recordkeeping violations, but the issue of willfulness is to be determined by the jury at trial. Accordingly, it is

**ORDERED** that Defendants' Motion for Partial Summary Judgment (Dkt. 19) is **granted** as to individual FLSA coverage, and **denied** as to enterprise coverage. Plaintiffs' Motion for Partial Summary Judgment (Dkt. 26) is **granted** as to recordkeeping violations and **denied** as to willfulness. This case will be set for trial on the next available trial calendar.

11

Case No. 8:08-CV-1683-T-17AEP

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this
19th day of August, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

12